UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| | |
|---|---|
| In re<br><br>ARKLOW LIMITED PARTNERSHIP,[1]<br><br>Debtor | Chapter 11<br><br>Case No. 20-40523 |

**MOTION BY DEBTORS FOR ENTRY OF ORDER**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Arklow Limited Partnership ("Arklow"), The International Golf Club, LLC ("IGC") and Wealyn, LLC ("Wealyn", and together with Arklow and IGC the "Debtors"), each a debtor and debtor-in-possession, move the Court for the entry of an pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1(a) and (c) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts directing the joint administration of their respective bankruptcy cases. The Debtors are "affiliates", as that term is defined under Section 101(2) of the Bankruptcy Code, of each other. The Debtors request joint administration for procedural purposes only. The approval of this motion will dispense with otherwise unnecessary and potentially duplicative filings, easing the administrative burden on the Court and all creditors and parties in interest. The Debtors request that this Court designate the case captioned as *In re Arklow Limited Partnership*, docket number 20-40523, as the lead case in these bankruptcy proceedings. In support of this motion, the Debtors aver as follows:

---

[1] Joint administration requested. The affiliated debtors, along with the last four digits of each debtor's federal tax identification number, are as follows: Arklow Limited Partnership (9883), The International Golf Club, LLC (9792) and Wealyn, LLC (9883).

1

774312

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3. On May 4, 2020 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court"). The Debtors continue to operate as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors collectively operate the International Golf Club (the "International"), which includes two award winning golf courses, a fifty-four (54) room hotel, restaurant and function room. The original nine-hole golf course, built in 1901, was expanded to eighteen holes in 1954, becoming the "Pines Course." In 1972, famed golf course designer Robert Trent Jones modified the Pines Course to its current configuration, an award winning course that is rated as the longest and toughest course in America.

5. In 1999, the current ownership purchased the International and undertook a major expansion, including the construction of a second golf course, the "Oaks Course," designed by Tom Fazio. In 2001, the International officially opened for member play, making it one of the first private golf clubs in New England with two full golf courses.[2]

---

[2] The International also operates a third, nine (9) hole golf course.

6. In addition to its golf courses, the Debtors operate a boutique lodge and signature restaurant, providing a lifestyle destination resort and a full service corporate and social event platform.

7. The U.S. golf industry has been undergoing a substantial market correction in recent years following a 20 year boom in golf course construction, which saw more than 4,500 new courses built from 1986-2005. In that window, the U.S. added more courses than the total existing supply in any other country. Despite golf course closures outweighing new openings for more than ten years, there are still more than 16,000 golf courses in the United States, which is more than five times any other country in the world. Due to the glut of golf courses, The International was required to modify its membership model starting in 2008, changing from a membership that required a deposit of $65,000 and annual dues of $8,000 (a "Deposit Member"), to a model that requires only the annual dues (a "Non-Deposit Member"). Notwithstanding this, The International has seen membership requests continue to constrict, resulting in reduction in cash flow. The recent COVID-19 crisis, which required The International to cease operations, severely impacted The International's working capital, requiring the filing of these bankruptcy cases.

8. Arklow is a Massachusetts limited partnership, that owns approximately 700 acres of real estate (the "Real Estate") on which the International operates, consisting of the golf courses and associated buildings, and undeveloped land. Arklow also owns certain of the equipment necessary to operate the International, and the leases the rest, such as golf carts, mowers and turf equipment. The book value of Arklow's assets (exclusive of intercompany

3

774312

claims)[3] is approximately $16 million, with its real estate consisting of most of that value. Arklow has not obtained an appraisal of its assets, but believes that the fair market value of its assets is considerably less than the book value.

9. The general partner of Arklow is Arklow, Inc., a Massachusetts corporation, and Arklow's limited partners are Florence Weadock, Brian Lynch, Daniel Weadock, Ann Specht and Kevin Weadock.

10. IGC is a Delaware limited liability company whose sole member is Arklow. ICG provides administrative services to the International, including hotel management and managing the members of the International and holding their membership deposits. IGC leases the International's three (3) golf courses from Arklow. The book value of IGC's assets (exclusive of intercompany claims) is approximately $100,000. IGC has not obtained an appraisal of its assets. IGC's assets consist of computer and office equipment and furniture.

11. As of the Petition Date, there were thirty-nine (39) active Deposit Members and approximately active 100 Non-Deposit Members of the International.

12. Wealyn is a Massachusetts limited liability company whose members are Brian Lynch, Florence Weadock and Arklow. Wealyn manages the food and beverage services for the International. Wealyn's primary asset is its liquor license, the book value of which is approximately $100,000.

13. The claims against the Debtors are described in the *Affidavit of Craig Jalbert, Chief Restructuring Officer, in Support of First Day Motions*, which was filed contemporaneously with this motion.

---

[3] Arklow and IGC each have inter-company claims against the other. Arklow has a claim against IGC on account of IGC's lease of the golf courses, and IGC has claims against Arklow on account of management and other services provided.

774312

**A**RGUMENT

14.     Federal Rule of Bankruptcy Procedure 1015(b) provides that if two or more petitions involving a debtor and an affiliate are pending in the same court, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Rule 1015-1(a)(3) of the MLBR provides that a motion for joint administration shall be granted "if it is likely to ease the administrative burden on the parties and the Court." MLBR 1015-1(a)(3).

15.     The Debtors are "affiliates" as that term is defined by Section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. 101(2). The Debtors collectively operate The International.

16.     The Debtors expect to file notices, applications, motions, and other pleadings and orders that are applicable to all of the Debtors. Joint administration will permit all parties in interest to file and serve pleadings for all of the respective cases under a single caption. Joint administration will also enable parties in interest to remain apprised of the various matters before the Court in all of the cases and will enable the Debtors to utilize a single creditor service list, eliminating duplication.

17.     Joint administration will similarly reduce the number of pleadings that otherwise would be filed with the Clerk of the Court, make the completion of various administrative tasks less burdensome, and minimize any delays. Joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' estates and other parties in interest.

18.     The Debtors are not aware of any facts that would give rise to actual or potential conflicts of interest caused by joint administration. The Debtors are not seeking substantive consolidation of their chapter 11 cases through this motion. The rights of the Debtors' respective

774312

creditors will not be prejudiced by the entry of an order directing the joint administration of these cases.

19. To the extent that proofs of claim are required to be filed, each creditor will be required to file a claim against the particular estate that is indebted to such creditor. The Debtors will keep separate and account for the assets and liabilities of each of their respective estates.

20. Grounds therefore exist for the entry of an order directing the joint administration of the Debtors' bankruptcy estates.

## NOTICE

21. The Debtors have served this motion by this Court's ECF System, electronic mail or first class mail upon (a) all known creditors, (b) taxing authorities, (c) the Office of the United States Trustee, and (d) all parties who have filed a notice of appearance in this case. In light of the relief requested herein, the Debtors submit that no other or further notice is required.

[this space intentionally left blank]

774312

**WHEREFORE**, the Debtors respectfully request the entry of an order: (a) authorizing the joint administration of the Debtors' chapter 11 cases, (b) designating *In re Arklow Limited Partnership* as the lead case, and (c) granting such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    ARKLOW LIMITED PARTNERSHIP,
    THE INTERNATIONAL GOLF CLUB,
    LLC and WEALYN, LLC,
    By their proposed attorneys,


    */s/ D. Ethan Jeffery*
    Harold B. Murphy (BBO #362610)
    D. Ethan Jeffery (BBO #631941)
    Murphy & King, Professional Corporation
    One Beacon Street
    Boston, Massachusetts  02108-3107
    Tel: (617) 423-0400
    Fax: (617) 556-8985
    Email: ejeffery@murphyking.com

Dated: May 4, 2020

774312