# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**ARKLOW LIMITED PARTNERSHIP,**[1]<br><br>Debtor | Chapter 11<br><br>Case No. 20-40523-CJP<br><br>Jointly Administered |

### INTERIM ORDER (A) AUTHORIZING EXTENSION OF POSTPETITION FINANCING ON PRIORITY SECURED BASIS, AND (B) GRANTING RELATED RELIEF

This matter having come before the Court on the *Debtors' Motion for (A) the Approval of Debtor-In-Possession Financing, (B) the Entry of Scheduling Order Regarding a Continued Hearing on Debtor-In-Possession Financing, and (C) Additional Relief* (the "Motion") [doc. no. 9] filed by Arklow Limited Partnership ("Arklow"), The International Golf Club, LLC ("IGC") and Wealyn, LLC ("Wealyn," and together with Arklow and IGC the "Debtors"), the debtors and debtors-in-possession in the above captioned cases; and the Motion having sought the entry of an order, on an interim basis: (a) authorizing the Debtors to obtain secured debtor-in-possession financing of approximately $85,000 (the "Interim Financing") from Florence Weadock or her designee (the "Lender"), (b) the granting of liens to the Lender for the Interim Financing that are senior to all liens, other than certain liens and costs detailed below, and that (i) include all property of the estate, but (ii) shall not attach to any causes of action under Chapter 5 of the Bankruptcy Code or any proceeds of those causes of action, and (c) granting related relief; and a hearing to consider the approval of the Motion on an interim basis having been held on May 7,

---

[1] The affiliated debtors, along with the last four digits of each debtor's federal tax identification number, are as follows: Arklow Limited Partnership (9883), The International Golf Club, LLC (9792) and Wealyn, LLC (9883).

2020 (the "Hearing"); and no objections having been filed to approval of the Motion on an interim basis; and the Court having considered the Motion, the arguments of the parties at the Hearing, and the record of the Debtors' cases; and after due deliberation and consideration and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS:

A.    On May 4, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

B.    Jurisdiction.  The Motion is a "core proceeding" as defined in 28 U.S.C. § 157(b)(2)(D) and (M). The Court has jurisdiction over the Chapter 11 Cases and the property affected by this order pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Notice.  Notice of the relief sought by the Motion and the Hearing were served on: (a) the United States Trustee for the District of Massachusetts (the "U.S. Trustee"); (b) each Debtors' twenty (20) largest non-priority unsecured creditors; (c) counsel to the Lender; (d) any party asserting a lien against any of the Debtors' assets; (d) the Internal Revenue Service; and (e) the Massachusetts Department of Revenue.  Such notice constitutes sufficient and adequate notice of the Motion and the relief granted in this order pursuant to the applicable Rules of Bankruptcy Procedure and Massachusetts Local Rules of Bankruptcy Procedure.

D.    The Debtors are in need of the Interim Financing to preserve the value of their assets.

E.    Based on the record before this Court: (i) it appears that the Interim Financing has been negotiated in good faith between the Debtors and the Lender; (ii) it appears that the

2

terms of the Interim Financing are fair and reasonable and reflect the exercise of the Debtors' prudent business judgment; and (iii) the terms of the Interim Financing, as provided in this order, have been negotiated at arms' length and in "good faith," as that term is used in § 364(e) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is approved on an interim basis.

2. The Interim Financing is approved in an amount up to $85,000: (a) pursuant to the budget attached to the Motion as Exhibit A; (b) on the terms and conditions set forth in the term sheet attached to the Motion as Exhibit B; and (c) up to and including the Continued Hearing (as defined below).

3. To secure the amounts borrowed by the Debtors pursuant to this order, the Lender is hereby granted a senior mortgage and lien upon, and security interest in (the "Senior Liens"), all of the Debtors' assets, provided that the Senior Liens: (a) shall not attach to nor be satisfied from the proceeds of the Debtors' claims and causes of action arising under Chapter 5 of the Bankruptcy Code; and (b) shall be subordinate to: (i) liens for real estate taxes owed by Arklow, (ii) various security interests in equipment leased to Arklow and IGC asserted by the lessors of such equipment, to the extent such liens are valid and perfected, and only on the equipment secured by such liens, (iii) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the U.S. Trustee under section 1930(a) of title 28 of the United States Code, and (iv) the professional fees and expenses incurred by the Debtors in the Chapter 11 Cases and approved by the Bankruptcy Court.

4. Each of the Senior Liens granted to the Lender pursuant to this order shall be deemed to be valid, perfected and enforceable without any necessity of the Lender complying

with any perfection or other requirements under any otherwise applicable state, federal or other non-bankruptcy law; provided that nothing shall prohibit the Lender from filing such documents, in the Lender's reasonable discretion, to evidence the Senior Liens.

5. The Court has not been asked to find, and it does not find, that any asserted pre-petition mortgage, lien or security interest is valid or perfected. Nothing contained in this order is intended, or shall be deemed, to be a ruling on the extent or validity of any creditor's asserted pre-petition security interest, lien or claim, and all parties' rights, claims and defenses with respect thereto are fully preserved.

6. The provisions of this order shall be binding upon and inure to the benefit of the Lender, the Debtors, and their respective successors and assigns.

7. The Court shall retain jurisdiction to enforce this order and to determine any disputes arising from or related to this order.

8. In the event of an alleged default, the Lender shall be required to obtain an order of the Court granting relief from the automatic stay provisions of 11 U.S.C. § 362 prior to taking any actions to exercise its remedies.

9. The provisions of this order, including the grant of claims and Senior Liens to or for the benefit of the Lender, and any actions taken pursuant hereto shall survive the entry of any order converting the Chapter 11 Cases to a case under Chapter 7 of the Code.

10. The provisions of this order and any and all rights, remedies, privileges and benefits in favor of the Lender in this order shall be effective immediately upon entry of this order, and the stay provided for in Rule 6004(h) shall not apply.

4

11. A final hearing on approval of the Motion (the "Continued Hearing") shall be telephonically held on May 21, 2020 at 1:30 p.m. Any objections to the Motion shall be filed by May 18, 2020 at 5:00 p.m.

12. To participate in the Continued Hearing, parties shall dial (877) 873-8018, and enter access code 1167883.

Dated: May 8, 2020

So Ordered:

_____
Christopher J. Panos
Chief United States Bankruptcy Judge