# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
## (Central Division)

| | |
|---|---|
| In re<br><br>ARKLOW LIMITED PARTNERSHIP,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-40523-CJP<br><br>Jointly Administered |

### DEBTORS' MOTION FOR ENTRY OF ORDER
### FIXING BAR DATE FOR FILING PROOFS OF CLAIM

Arklow Limited Partnership ("Arklow"), The International Golf Club, LLC ("The International") and Wealyn, LLC ("Wealyn", and together with Arklow and IGC the "Debtors"), request that the Court enter an order, pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), establishing a bar date of October 16, 2020, for the filing of prepetition proofs of claim. In support of this motion, the Debtors aver as follows:

#### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction to determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408.

2.  The legal predicate for the relief requested in this motion is Federal Rule of Bankruptcy Procedure 3003(c)(3).

---

[1] The debtors in these jointly administered cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Arklow Limited Partnership (9883), The International Golf Club, LLC (9792) and Wealyn, LLC (9883).

## BACKGROUND

3.      On May 4, 2020 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court"). The Debtors continue to operate as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors continue to operate its business and manage its assets as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee has appointed an official committee of unsecured creditors.

4.      The Debtors collectively operate The International which includes two award winning golf courses, a fifty-four (54) room hotel, restaurant and function room. The original nine-hole golf course, built in 1901, was expanded to eighteen holes in 1954, becoming the "Pines Course."

5.       In 1999, the current ownership purchased the International and undertook a major expansion, including the construction of a second golf course, the "Oaks Course," designed by Tom Fazio. In 2001, the International officially opened for member play, making it one of the first private golf clubs in New England with two full golf courses.

6.      In addition to its golf courses, the Debtors operate a boutique lodge and signature restaurant, providing a lifestyle destination resort and a full service corporate and social event platform.

7.      The Debtors were forced to file bankruptcy because of decreased revenue caused by a combination of the overall constriction in the golf course industry due to the glut of golf courses, and the recent COVID-19 crisis, which required The International to cease operations.

784129-v1

## REQUEST FOR BAR DATE

8. The Court has the authority to establish a bar date for the filing of claims pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3).

9. The Debtors request that a bar date of October 16, 2020 be established as the deadline for the filing of prepetition proofs of claim (the "Bar Date"). The requested Bar Date will provide creditors and parties in interest with sufficient time to file proofs of claim.

10. The Debtors request that the Bar Date be fixed as the deadline for filing prepetition proofs of claim by all holders of Claims (defined below), including, without limitation, individuals, partnerships, corporations, estates, trusts and governmental units, wherever located. Except as set forth below, the Bar Date would apply to all claims as defined in 11 U.S.C. § 101(5), including, without limitation, any claim based upon the Debtors' primary or secondary, direct or indirect, secured or unsecured, contingent, guaranty or indemnification liability, for or on account of any alleged obligation or liability of the Debtors whatsoever (the "Claim(s)") arising prior to the Petition Date.

11. The Debtors request that the Bar Date <u>not</u> apply to the following Claims: (a) any Claim allowed by a Final Order[2] of the Court as of the Bar Date; (b) any Claim arising against the Debtors after May 4, 2020; (c) any Claim arising from the rejection of an unexpired lease or executory contract, in which case the holder of the Claim shall file a proof of Claim by the later of (i) the Bar Date, or (ii) thirty (30) days after the entry of an order authorizing the rejection of the unexpired lease or executory contract; (d) any Claim arising from the entry of a judgment or

---

[2] "Final Order" shall mean an order as to which the time to appeal, petition for *certiorari*, or seek reargument or rehearing has expired and as to which no appeal or petition for rehearing or certiorari is pending or, if an appeal or petition for rehearing or certiorari has been timely filed or taken, the order or judgment has been affirmed by the highest court to which the order was appealed or the petition for rehearing or certiorari has been denied and the time to take any further appeal or to seek any rehearing or certiorari has expired.

order recovering a transfer as described in 11 U.S.C. § 502(h), in which case the holder of the Claim shall file a proof of Claim by the later of (i) the Bar Date, or (ii) thirty days after the entry of such judgment or order; (e) any Claim that appears on the Debtors' Schedules and is not identified as contingent, unliquidated, or disputed; and (f) any Claim newly listed as contingent, unliquidated or disputed in any amendment to the Debtors' Schedules, in which case the holder of the Claim shall file a proof of Claim by the later of (i) the Bar Date, or (ii) thirty (30) days following the filing of the amended Schedules.

12. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that if the holder of a Claim who is required to file a proof of such Claim fails to do so on or before the Bar Date: (a) the holder of the Claim shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or filing a proof of Claim with respect thereto), (b) the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and (c) the holder of the Claim shall not be permitted to vote to accept or reject any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such Claim or to receive further notices regarding such Claim.

### ORDER AND NOTICE

13. Attached as <u>Exhibit A</u> is a proposed form of order (the "<u>Proposed Order</u>") establishing the Bar Date. Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(7), the Debtors are required to provide creditors with twenty one (21) days' notice of the Bar Date. The Debtors propose to serve the order establishing the Bar Date entered by the Court by the Court's CM/ECF system or by first class mail, postage-prepaid, to: (a) all of the Debtors' creditors listed in the Schedules, as they may be amended, (b) all parties in interest, and (c) all parties having filed a notice of appearance and requested service of pleadings in this matter, within three (3)

business days of the entry of such order.  The Debtors submit that such service complies with the applicable rules of procedure and provides sufficient information to permit creditors and parties in interest to timely file proofs of Claim.

14. The Debtors have served this motion, including the Proposed Order on: (a) the Office of the United States Trustee; (b) those parties having filed a notice of appearance in this case, (c) the Debtors' twenty largest unsecured creditors, (d) all known creditors that assert a secured claim against the Debtors, and (d) all known taxing authorities that may have a Claim against the Debtors.

WHEREFORE, the Debtors request that the Court: (a) enter the Proposed Order attached as Exhibit A; (b) fix a Bar Date of October 16, 2020; and (c) grant to the Debtors such other and further relief as may be just and proper.

Respectfully submitted,

ARKLOW LIMITED PARTNERSHIP, THE
INTERNATIONAL GOLF CLUB, LLC and
WEALYN, LLC,
By their counsel,


*/s/ D. Ethan Jeffery*
D. Ethan Jeffery (BBO #631941)
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, Massachusetts  02108-3107
Tel: (617) 423-0400
Email: EJeffery@murphyking.com

Dated: August 14, 2020

# IN RE: ARKLOW LIMITED PARTNERSHIP
# BANKRUPTCY NO. 20-40523-CJP

## EXHIBIT A TO

## DEBTORS' MOTION FOR ENTRY OF ORDER
## FIXING BAR DATE FOR FILING PROOFS OF CLAIM

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
## (Central Division)

| | |
|---|---|
| In re<br><br>**ARKLOW LIMITED PARTNERSHIP**[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-40523-CJP<br><br>Jointly Administered |

## ORDER AND NOTICE FIXING DEADLINE
## FOR FILING PROOFS OF CLAIMS IN CHAPTER 11 CASE

This matter having come before this Court (the "Court") on the *Debtors' Motion For Entry of Order Fixing Bar Date For Filing Proofs of Claim* (the "Motion") [doc. no. ___], and the Court having jurisdiction over the Motion; and the Motion having been properly served in accordance with the applicable rules of procedure; and this Court having determined that the legal and factual bases establish just cause for the relief granted in this order; it is hereby:

**ORDERED, ADJUDGED and DECREED that:**

1.  The Motion is granted.

2.  Except as provided in paragraph 3 below, any holders of Claims,[2] including without limitation, entities, individuals, partnerships, corporations, estates, trusts and governmental units, wherever located, against Arklow Limited Partnersip ("Arklow"), The International Golf Club, LLC ("The International"), and Wealyn, LLC ("Wealyn", and together with Arklow and The International, the "Debtors") and their bankruptcy estates, must file a proof

---

[1] The debtors in these jointly administered cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Arklow Limited Partnership (9883), The International Golf Club, LLC (9792) and Wealyn, LLC (9883).

[2] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Motion.

of claim with the Clerk's Office, United States Bankruptcy Court for the District of Massachusetts, Harold Donahue Federal Building and Courthouse, 595 Main Street, Worcester, Massachusetts 01608-2076, **on or before 4:30 p.m. on October 16, 2020** (the "Bar Date").  A proof of Claim shall not be deemed filed until it is actually received and time stamped by the Clerk of the United States Bankruptcy Court.

3. The Bar Date shall not apply to the following Claims: (a) any Claim allowed by a Final Order of the Court as of the Bar Date; (b) any Claim arising against the Debtors after May 4, 2020; (c) any Claim arising from the rejection of an unexpired lease or executory contract, in which case the holder of the Claim shall file a proof of Claim by the later of (i) the Bar Date, or (ii) thirty (30) days after the entry of an order authorizing the rejection of the unexpired lease or executory contract; (c) any Claim arising from the entry of a judgment or order recovering a transfer, as described in 11 U.S.C. § 502(h), in which case the holder of the Claim shall file a proof of Claim by the later of (i) the Bar Date, or (ii) thirty days after the entry of such judgment or order; (d) any Claim that appears on the Debtors' Schedules and is not identified as contingent, unliquidated, or disputed; and (e) any Claim newly listed as contingent, unliquidated or disputed in any amendment to the Debtors' Schedules, in which case the holder of the Claim shall file a proof of Claim by the later of (i) the Bar Date, or (ii) thirty (30) days following the filing of the amended Schedules.

4. Any Claim against the Debtors for which a proof of Claim is required, but is not timely filed under the terms of this order, shall be forever disallowed and barred as a Claim against the Debtors whether for purposes of voting, sharing in any distribution, or in any other way participating as a party in interest in this proceeding.

5. The Debtors shall, within three (3) business days of the entry of this order, serve a copy of this order on: (a) all of the Debtors' creditors listed in the Schedules, as they may be amended, (b) all parties in interest, and (c) all parties having filed a notice of appearance and requested service of pleadings in this matter. Service of this order in the foregoing manner shall constitute effective notice of the Bar Date. The Debtors shall file a certificate of such service of this order after the completion of such service.

_____
Hon. Christopher J. Panos
United States Bankruptcy Judge

Dated: August __, 2020